IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                                  ORDER

            v.                                            04-cr-31-bbc

JOHN D. KEMPF,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the revocation of John D. Kempf's supervised release was held in this case on December 2, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by counsel, Erika L. Bierma. Also present was Senior United States Probation Officer Helen Raatz.

From the record and defendant's stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on July 21, 2004, following his conviction for possession of a sawed-off shotgun in violation of 26 U.S.C. §§ 5841, 5845(a)(1), and 5861(d). The offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 41 months, with a three-year term of supervised release to follow.

Defendant began his initial term of supervised release on March 16, 2007. On July 11, 2007, the term was revoked because defendant had used a controlled substance and had been charged in Minnesota with a new criminal offense for possession of a controlled substance. He was committed to the custody of the Bureau of Prisons for a term of 12 months' imprisonment with a two-year term of supervised release to follow.

Defendant began his second term of supervised release on June 20, 2008. On October 14, 2008, he violated the mandatory condition prohibiting him from committing another crime, as well as Standard Condition No. 7 and the mandatory condition prohibiting possession of a controlled substance, as evidenced by his arrest for possession of 1,557.6 grams of marijuana.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines directs the court to revoke supervised release upon the finding of a Grade A violation. Additionally, 18 U.S.C. § 3583(g)(1) requires revocation of supervised release if the court finds that the defendant possessed a controlled substance.

CONCLUSION

Defendant's violations require revocation. Accordingly, the two-year term of supervised release imposed on defendant on July 11, 2007, will be revoked.

Defendant's criminal history category is II. With a Grade A violation and a criminal history category of II, defendant has an advisory guideline range of imprisonment of 15 to 21 months. The statutory maximum to which he can be sentenced upon revocation is 24

months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected the statutory maximum sentence. The sentence is to run consecutively to defendant's Minnesota sentence for felony controlled substance crime in the fifth degree. The intent of this sentence is to take into account defendant's history, including his underlying federal offense of possession of a sawed-off shotgun, and his previous violations for possession of controlled substances, while also holding him accountable for his current violations and protecting the public from future criminal acts.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 11, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, with the term to run consecutively to the sentence he is serving for a felony controlled substance crime in the fifth degree (Carlton County, Minnesota, District Court File No. 09-CR-08-3085). No additional term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of

his incarceration.

    Entered this 2d day of December, 2008.

                              BY THE COURT:

                              /s/

                              BARBARA B. CRABB
                              Chief District Judge